**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Adam Jason Poitra, | ) | |
| | ) | **ORDER ON MOTION TO VACATE,** |
| Movant, | ) | **SET ASIDE, OR CORRECT** |
| | ) | **SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:24-cv-081 |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:19-cr-170 |
| | ) | |
| Adam Jason Poitra, | ) | |
| | ) | |
| Defendant. | ) | |

Movant, Adam Jason Poitra, seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and requests appointment of counsel. (Docs. 157, 160). The United States opposes the motion. (Doc. 161). The motion raises purely legal issues that are ripe for review without an evidentiary hearing. After careful consideration, the motion is denied.

**I.  BACKGROUND**

Poitra was convicted of Aggravated Sexual Abuse of a Child committed within Indian Country in violation of 18 U.S.C. § 2241(c) and 18 U.S.C. § 1153. After a four-day trial, the jury returned a verdict of guilty. (Docs. 102, 103). The evidence showed Poitra sexually abused his 12-year-old adopted daughter, K.P., on several separate occasions. (See Doc. 121, Presentence Investigation Report (PSIR), ¶¶ 3-4). Poitra and K.P.'s mother, Samantha, married in 2013 and separated in May 2018. K.P. and her younger sister had scheduled visits with Poitra after their

1

parents' separation. Before one of the scheduled visits, K.P. told her mother she did not want to visit Poitra and disclosed that Poitra had been sexually abusing her for several months. PSIR ¶ 5. Samantha took K.P. to the local sheriff's office to report the sexual abuse. During the criminal investigation, K.P. reported Poitra started abusing her in about September 2017, when she was 11 years old, and the abuse always occurred when Samantha was not at home. PSIR ¶ 6. K.P. provided details of Poitra's sexual abuse, including touching her vagina, locking her in a bedroom and forcing her to touch his penis, making her sit on top of him while lying on his bed with his penis touching her vagina and forcefully grabbing and moving her hips until he was satisfied, entering the bathroom while she was showering and inserting his fingers inside her vagina, and other abusive conduct. PSIR ¶¶ 6-8.

The Court sentenced Poitra to 440 months imprisonment.[1] (Doc. 129). Poitra appealed his conviction challenging a jury instruction on unanimity, two evidentiary rulings, and statements made by the prosecutor in closing arguments. United States v. Poitra, 60 F.4th 1098 (8th Cir. 2023). The Eighth Circuit Court of Appeals found no reversible errors and affirmed Poitra's conviction. Id. Poitra now seeks relief from his conviction under 28 U.S.C. § 2255.

Poitra's Section 2255 motion raises five claims. Four of the claims allege ineffectiveness of counsel because (1) four different attorneys worked on his case and none of them answered his questions, (2) counsel refused to request a physical examination of the victim, (3) counsel failed to retain a criminal psychologist for the defense, and (4) his appellate counsel was inexperienced. (Doc. 157 at 4-7, 10). Poitra's remaining claim is that the prosecution should have had their witnesses undergo polygraph testing. Id. at 8.

---

[1] The PSIR calculated a total offense level of 43, which resulted in a guideline imprisonment range of life based on Poitra's criminal history category II. (PSIR ¶¶ 23, 33-34, 53).

2

The United States argues the motion should be denied because Poitra has not shown deficient performance or prejudice as required by Strickland v. Washington, 446 U.S. 668 (1984) to support a Sixth Amendment violation of the right to counsel. (Doc. 161 at 2). The United States further argues that habeas relief is not warranted because the results of polygraph testing, even if undertaken, would not have been admissible at trial. Id.

## II.     LEGAL STANDARDS

A motion under 28 U.S.C. § 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). Section 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." Davis v. United States, 417 U.S. 333, 343 (1974). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)). A movant under Section 2255 "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

A Section 2255 motion may be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019). Whether to grant or deny an evidentiary hearing is committed to the discretion of the district court. See id.

### III.    DISCUSSION

####    A.    Ineffective Assistance of Counsel Claims

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. To obtain habeas relief based on ineffective assistance of counsel, a movant must satisfy the two-part test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). For the first prong, a movant must establish that defense counsel's representation was constitutionally deficient, meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

To determine whether this showing has been satisfied, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. A court must "eliminate the distorting effects of hindsight" and avoid second guessing by examining defense counsel's performance from counsel's perspective at the time of the alleged error. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019) (citing Strickland, 466 U.S. at 689). A movant must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions made after a thorough investigation of the law and facts are virtually unchallengeable. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

To satisfy the second prong, the movant must demonstrate that defense counsel's deficient representation prejudiced the defense. Strickland, 466 U.S. at 687. Not every error undermines the reliability of a conviction. Morales v. Ault, 476 F.3d 545, 550 (8th Cir. 2007). Instead, a movant

4

must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003). When a movant has been convicted after a jury trial, the movant must demonstrate that but for counsel's errors, there is a reasonable probability that the jury would have had reasonable doubt about his guilt. United States v. Orr, 636 F.3d 944, 953 (8th Cir. 2011). When evaluating the probability of a different result, courts view the totality of the evidence to gauge the effect of the error. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006) (citing Strickland, 466 U.S. at 495).

If the Court can answer "no" to either the deficient performance or prejudice prong, the other prong need not be answered. Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000). Where a movant asserts multiple instances of ineffective assistance of counsel, each claim is reviewed independently rather than collectively. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002) (citing Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996)). Cumulative error will not justify habeas relief. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006).

    **1.**    **Failure to Consult**

In his first ground for ineffective assistance of counsel, Poitra alleges:

> I argued how four attorneys had signed parts of motions attached to my case, pretrial and appellate motions. When I attempted to call the federal public defenders [sic] office to speak to any of those attorneys, and each stated they were not assigned to my case and therefore could not address my questions.

(Doc. 157 at 4).

To begin, Poitra's claim that attorneys in the Federal Public Defender's office would not answer his questions is conclusory. Conclusory allegations are claims that lack factual specificity. See Allen v. Entergy Corp., 181 F.3d 902, 905-06 (8th Cir. 1999); see also Berg v. Norand Corp.,

169 F.3d 1140, 1146 (8th Cir. 1999). Poitra does not describe the questions he had, nor does he explain how he was prejudiced. Though defense counsel has an obligation to consult with their client, Poitra does not demonstrate how the results of the proceeding would have been different had his questions been answered. As a result, this ineffective assistance claim fails.

### 2. Failure to Request Physical Examination of Victim

Poitra's second ground relates to the lack of a physical examination of K.P. He alleges:

> My attorney . . . told me we had no money to not only call a physician to examine the alleged witness and obtained possible DNA, but due to the government not having a physician on their list of witnesses we wouldn't need one either. My attorney refused to pay thousands of dollars to a physician to assume facts that [my attorney] could make on his own, which of course [he] failed to do.

(Doc. 157 at 4).

To succeed on a claim that counsel was deficient for failing to conduct an adequate investigation, Poitra must demonstrate that a more thorough investigation would have revealed evidence which would establish a reasonable probability that the result of the trial would have been different. See United States v. Purkett, 15 F.3d 785, 789-790 (8th Cir. 1993). Similarly, when a claim of ineffective assistance is based on the failure to consult and call an expert, a movant is required to show evidence of what the expert would have stated at trial to establish prejudice. Rodela-Aguilar v. United States, 596 F.3d 457, 462 (8th Cir. 2010). Poitra claims he "would have received medical confirmation that my DNA was not only not present, but would have also proved that the alleged victim knew of and had possibly had sexual intercourse before, during and after the accusations were made against me." (Doc. 162 at 3). Though Poitra alleges such evidence might have been obtained through an examination of K.P., he fails to show evidence that an expert would have so testified at trial. Nor does Poitra explain how such expert testimony would have reasonably altered the outcome of his case, i.e., result in a not guilty verdict.

6

Additionally, obtaining a physical examination of the victim, would have required counsel to seek the Court's approval. See United States v. Sumner, 119 F.3d 658, 663 (8th Cir. 1997). So, to prevail Poitra must further demonstrate a likelihood of success that such a motion would have been granted. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (concluding prejudice cannot be shown "if there is no reasonable probability that the motion would have been successful"); Blankenship v. United States, 159 F.3d 336, 338 (8th Cir. 1998) ("No prejudice arises from counsel's failure to raise a claim that had little likelihood of success on the merits."). Given the circumstances of this case, it is doubtful a motion to have K.P. physically examined would have been granted. Poitra's abuse of K.P. had long ended by the time she reported it to her mother and Poitra was indicted.[2] It is therefore unlikely any relevant evidence, particularly DNA evidence, would have been obtained through a physical examination. Poitra's argument that an examination would have proved ***no*** DNA evidence misses the point. In his closing argument, defense counsel emphasized the lack of physical evidence to the jury as a reason to return a not guilty verdict. The United States discusses this very point in its response. (Doc. 161 at 7) (quoting from counsel's closing argument). Moreover, Poitra fails to suggest what additional legal arguments would have been possible had his counsel successfully been granted an opportunity to have the victim physically examined.[3]

---

[2] The offense was reported to the county sheriff's department on November 18, 2018. (PSIR ¶ 5) K.P. underwent a forensic interview conducted by the Northern Plains Children's Advocacy Center on November 26, 2018. Id. ¶ 6. Poitra was indicted on September 18, 2019. (Doc. 1).

[3] Federal Rule of Evidence 412 precludes evidence offered to prove a victim engaged in other sexual behavior, except in limited circumstances not relevant here. Fed. R. Evid. 412(a), (b).

7

Neither prong of the Strickland standard is satisfied; thus, this ground fails to warrant relief. See Carter v. Hopkins, 92 F.3d 666, 671 (8th Cir. 1996) (observing that if the underlying claim (i.e., the alleged deficient performance) would have been rejected, defense counsel's performance is not deficient).

### 3. Failure to Retain Criminal Psychologist

Poitra's third ground, that counsel should have retained a criminal psychologist for the defense, is similarly lacking. He alleges:

> During my trial I was denied the ability to call a criminal psychologist to refute the prosecutions [sic] claims against me. I was told by my then attorney . . . that he . . . did not want to pay for the psychologist and he (we) would rely on what the prosecutions [sic] expert had to say.

(Doc. 157 at 7).

The United States argues that Poitra "does not explain what a psychologist would have testified about or how it would have changed the result of the trial." (Doc. 161 at 7). In his reply, Poitra explains, "[a] criminal psychologist for the defense would have addressed the lack of credible facts, pressure from the mother and the government to possibly lie and coaching from the mother and the government prior to and during the testimony the alleged victim made." (Doc. 162 at 4).

Poitra's allegation is no more than rank speculation. Poitra fails to support his argument with any evidence of how a psychologist would have testified at trial. "[W]here a petitioner alleges ineffective assistance of counsel based on his counsel's failure to consult and call an expert at trial, we require 'evidence of what a scientific expert would have stated' at trial in order to establish Strickland prejudice." United States v. Frausto, 754 F.3d 640, 644 (8th Cir. 2014) (quoting Rodela-Aguilar, 596 F.3d at 462)); United States v. Poitra, No. 4:12-cv-154, 2013 WL 12226927, at *4 (D.N.D. July 23, 2013) (concluding movant's argument that defense counsel was ineffective for

failing to obtain an expert to determine the source of blood in the victim's underwear was based on speculation).

And, again, an examination of K.P. by a criminal psychologist would have required approval from the Court. United States v. Street, 531 F.3d 703, 707 (8th Cir. 2008). Courts may refuse to order such an examination absent a strong showing of need. Id. Poitra provides no cogent explanation regarding the need for K.P. to be examined by a criminal psychologist, nor has he shown a likelihood of success that such a motion would have been granted. This ground fails to warrant habeas relief.

### 4. Lack of Appellate Experience

In his last ground for ineffective assistance of counsel, Poitra claims his counsel on appeal was deficient because he did not have appellate court experience. (Doc. 157 at 10). The United States correctly points out that two attorneys from the Federal Public Defender's office represented Poitra on appeal, and the attorney on brief had substantial appellate experience. (Doc. 161 at 10). Poitra does not identify any deficiency or prejudice because of the alleged lack of appellate court experience by the attorney who appeared before the Eighth Circuit Court of Appeals for oral argument.

It is well established that an ineffective assistance claim cannot be based solely on counsel's inexperience. United States v. Cronic, 466 U.S. 648, 665 (1984) (rejecting an ineffective assistance claim based on allegations that the appointed trial attorney was young, his principal practice was in real estate, and this was his first jury trial); United States v. Brady, No. 4:05-cr-023, 2006 WL 3498558, at *3 (D.N.D. Dec. 1, 2006). "While inexperience may be a factor in evaluating an attorney's actual performance, a defendant must still satisfy the Strickland test of establishing both deficient performance and prejudice." United States v. Ferneau, No. 1:03-CR-046, 2007 WL

430208, at *3 (D.N.D. Feb. 2, 2007). "The mere fact that the petitioner's counsel may have been inexperienced . . . absent a showing that her performance was deficient, is not a basis for finding ineffective assistance of counsel." Swearengen v. Sachse, No. 4:13-cv-404, 2013 WL 6008239, at *2 (E.D. Mo. Nov. 13, 2013). Poitra has shown neither deficient performance by his appellate counsel nor prejudice. This ground also fails.

### B. Polygraph Examinations

Last, the Court addresses Poitra's claim regarding polygraph testing of government witnesses. He alleges:

> The government refused to have their witnesses take lie detector tests. I offered to take a lie detector test if the alleged witnesses were to take them as well. The government refused to have their witnesses take part but if I wanted to take one[,] they would allow it.

(Doc. 157 at 8).

Section 2255 provides relief to address jurisdictional errors, constitutional errors, and errors of law. See Raymond, 933 F.3d at 991. Poitra has not identified a right under the constitution or federal law that was violated by the United States' refusal to allow their witnesses to undergo polygraph testing. As the United States correctly argues, polygraph evidence is disfavored and may not have been admissible at trial.[4] (Doc. 161 at 9) (citing United States v. Montgomery, 635 F.3d 1074, 1094 (8th Cir. 2008) and United States v. Bagola, 796 F.3d 903, 908 (8th Cir. 2015)). Further, to the extent that Poitra may be asserting his counsel was ineffective for not pursuing the polygraph testing further, he fails to show a reasonable probability that a motion requiring the

---

[4] Poitra's citation to United States v. Gill, 513 F.3d 836, 846 (8th Cir. 2008) does not provide differently. (Doc. 162 at 5). In Gill, the appellate court confirmed that polygraph evidence is disfavored in the Eighth Circuit "[b]ecause there is simply no consensus that polygraphy evidence is reliable[.]" Id. (internal quotation marks and citation omitted).

prosecution's witnesses to submit to such testing would have been successful. DeRoo, 223 F.3d at 925. This claim fails to warrant relief.

C.    **Evidentiary Hearing**

Section 2255(b) requires an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." No hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

After careful review of the file and all of Poitra's § 2255 claims, the record decisively refutes each claim presented. So, dismissal without an evidentiary hearing is warranted. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

IV.   **CONCLUSION**

The Court has carefully reviewed the entire record, the parties' filings, and the relevant legal authority. For the reasons set forth above, Poitra's motion to vacate, set aside, or correct sentence (Doc. 157) is **DENIED**. This matter is **DISMISSED** without an evidentiary hearing. Consistent with this order, Poitra's motion o appoint counsel is **DENIED**. (Doc. 160).

The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th

Cir. 1997). If Poitra desires further review of his motion, he may request a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

    **IT IS SO ORDERED.**

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 23rd day of March, 2025.

                                            */s/ Peter D. Welte*
                                            Peter D. Welte, Chief Judge
                                            United States District Court